Andrea THOLKE, Plaintiff–Appellant,

v.

UNISYS CORPORATION, Unisys Long Term Disability Plan, Unisys Employee Benefits Administrative Committee, Lockheed Martin and Lockheed Martin Long Term Disability Insurance Plan, Defendants–Appellees.

Nos. 04–6107–cv(L), 05–1153–cv(CON).

United States Court of Appeals, Second Circuit.

June 7, 2007.

Robert J. Bach, New York, N.Y., for Plaintiff–Appellant.

Jennifer B. Courtian (Gregory I. Rasin, on the brief), Jackson Lewis LLP, New York, N.Y., for Defendants–Appellees.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSEPH M. McLAUGHLIN and Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Andrea Tholke (Tholke) had been a longtime employee of Defendant–Appellee Unisys Corporation (Unisys),[1] but, after being injured in a car accident on December 5, 1992, she claimed that she was unable to continue her work. Based on her alleged disability, Tholke sought benefits under Unisys's long-term disability plan (the Plan). The Plan defines employees as "disabled" when they have an injury or illness that renders them unable to perform the "essential functions" of their "regular occupation at any job site within Unisys." *See Tholke v. Unisys Corp.*, 96 Fed.Appx. 762, 763 (2d Cir.2004) (summary order) (internal citations omitted). Tholke and Unisys sharply disagreed over precisely what the "essential functions" of her "regular occupation" had been. Tholke asserted that her "job is a very physical job," *id.* at 765, whereas Unisys contended that her position was sedentary, *id.* at 764. The Unisys Employee Benefits Administrative Committee (the Committee), which was the designated Plan Administrator, declined to determine the "essential functions" of her former job, and, without meaningfully considering the

---

1. Tholke was hired by the predecessor of Unisys as a mailroom clerk in 1980. Three years later, she became a reproducer, or copy-machine operator. *See Tholke v. Unisys Corp.*, 96 Fed.Appx. 762, 763 (2d Cir.2004) (summary order).

evidence of disability, denied Tholke's claim. In response to the denial, Tholke brought this ERISA[2] action against Unisys and other defendants in the United States District Court for the Southern District of New York (Baer, Jr., *J.*).

## BACKGROUND

I. *The district court's April 15, 2002 remand to the Committee*

On April 15, 2002, the district court, on cross motions for summary judgment, agreed with Tholke that the Committee's review of her case had been more "perfunctory" than "full and fair," and that its determination that Tholke was not disabled was therefore "arbitrary and capricious." *Tholke v. Unisys Corp.*, No. 01–5495, 2002 WL 575650 (S.D.N.Y. Apr. 16, 2002) (internal citations omitted). As such, it denied the defendants' motion for summary judgment, and granted Tholke's motion, but only to the extent of remanding the case to the Committee for further consideration. The district court directed the Committee to examine fully, and presumably to resolve, "(1) the discrepancy between the statements by [Plaintiff] and her supervisors as to the nature of her job, and (2) the discrepancy between the diagnoses" of the various doctors who had examined Tholke. *Id.*

On remand, the Committee did not—directly—follow the district court's instructions. Instead, it retained an orthopedic surgeon, Dr. Richard Silver, to serve as consultant and to review the conflicting medical opinions. On July 3, 2002, Dr. Silver submitted a five-page letter to the Committee. In response to the question, "What is Ms. Tholke's disability status relative to her job duties (a) As described by [Ms.] Tholke; (b) As described by her employer," Dr. Silver wrote:

There is a discrepancy here. In the various different legal documents and affidavits that Ms. Tholke signed, she indicates one thing, and the employer indicates another thing. *This is not something as an orthopedic surgeon* [sic] *that can be easily deciphered.* The job description certainly shows that she would be doing a great deal of active work. Her own words say that she does a great deal of active work. The employer's information from the supervisor says that they would be making accommodations for her and that she was not going to be doing what they do in active work. *Certainly if Ms. Tholke was a sedentary worker, she could remain at gainful employment since her injury was no more than a left knee contusion....* [T]he medical records do[ ] not support a left knee condition that would require her to become *totally disabled* from a Social Security standpoint or impaired from gainful employment. There are no objective findings to substantiate her inability to work in my considered medical/orthopedic/surgical opinion.

J.A. at 1021 (emphases added). Dr. Silver's opinion, as expressed in his July 3, 2002 letter, is notably cautious. In the letter, Dr. Silver noted the dispute over Tholke's job description, but did not purport to resolve it. Rather, he acknowledged that "[t]his is not something as an orthopedic surgeon [sic] that can be easily deciphered." Moreover, Dr. Silver's conclusion was tentative; he stated that "*if* Ms. Tholke was a sedentary worker"—which her employer claimed, and which Tholke vigorously denied—"she could remain at gainful work." And Dr. Silver, in stating that there were no "objective findings to substantiate her inability to work," once again did not attempt to specify what he meant by "work."

2. Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

On July 8, 2002, the Committee met to discuss Tholke's case, during which time Dr. Silver was consulted by phone. According to the minutes taken at the meeting, Dr. Silver was far less cautious by phone than he had been in his letter. The minutes assert that "Dr. Silver offered his opinion that Ms. Tholke was able to perform the job duties under either job description and that, therefore, she would not have been disabled if her job duties had been as she had explained, or as her supervisor had explained."

On July 9, 2002, a day after the July 8 meeting, Dr. Silver submitted to the Committee another copy of his cautious July 3, 2002 letter.

Following the July 8, 2002 meeting and phone conference with Dr. Silver, the Committee concluded that it could deny Tholke's benefits without resolving the controversy over her job duties. This was because, according to the July 8, 2002 minutes, Dr. Silver had opined that Tholke was capable of performing her former job as either she or her supervisor described it. Accordingly, the Committee denied Tholke's claim once again, and memorialized its decision in a July 15, 2002 letter addressed to Tholke's attorney.

## II. *This court's May 5, 2004 remand to the district court*

On August 12, 2002, Tholke's attorney sent the district court a two-page letter advising it of the Committee's decision, asserting that the Committee had failed to follow the district court's instructions, and asking that the matter be "scheduled for trial."

### A. *The district court's May 21, 2003 grant of summary judgment*

On May 21, 2003, without giving prior notice to the parties that it was considering summary judgment, the district court issued an opinion and order granting sum-mary judgment in favor of the defendants. *Tholke v. Unisys Corp.*, No. 01–5495, 2003 WL 21203349 (S.D.N.Y. May 21, 2003).

In its opinion and order, the district court explained why, in its view, it was permissible for the Committee to avoid resolving the dispute over Tholke's job description:

> In view of the lack of evidence supplied by Tholke to show she was unable to perform adequately her primary responsibilities as a copy person before the accident, and Dr. Silver's conclusion that Tholke's injuries from her accident were sufficiently minor that she could have resumed the work she had been doing before the accident, the Committee concluded that it was unnecessary to resolve the discrepancy in her job description because it would not change the Committee's decision that she is not eligible for LTD benefits.

*Id.*

### B. *The district court's September 5, 2003 denial of attorney's fees*

Less than four months after the district court issued its opinion and order, Tholke made a motion, pursuant to 29 U.S.C. § 1132(g)(1), to recover attorney's fees incurred in obtaining the district court's earlier judgment that the Committee's original denial of benefits had been arbitrary and capricious and had to be reconsidered.

The district court denied the fees. *Tholke v. Unisys Corp.*, No. 01–5495, 2003 WL 22077429 (S.D.N.Y. Sept. 5, 2003).

### C. *Tholke's appeal*

Tholke appealed both the district court's grant of summary judgment to the defendants and its decision to deny attorney's fees. In that appeal, Tholke advanced three arguments: (1) that the district court erred in resolving the case by summary judgment, because the defendants

did not file a motion for summary judgment in compliance with Fed.R.Civ.P. 56, and that, as a result, Tholke lacked adequate notice; (2) that the district court's grant of summary judgment was erroneous, due to, among other things, (a) the Committee's failure to reconcile the conflicting job descriptions, as the district court had instructed, and (b) the Committee's denial being arbitrary and capricious; and (3) that the district court abused its discretion in denying attorney's fees.

This court concluded that it did not have to "consider Plaintiff's second and third contentions, because we are persuaded by her first argument that the failure to follow the procedures required by Rule 56 made the district court's grant of summary judgment inappropriate." *Tholke*, 96 Fed. Appx. at 767 (citing *First Financial Ins. Co. v. Allstate Interior Demolition Corp.*, 193 F.3d 109, 115 (2d Cir.1999)). For that limited reason, the case was remanded to the district court for further proceeding.

### III. *The district court's October 18, 2004 and January 26, 2005 judgments*

Following this court's remand, the district court received briefing from the parties on the defendants' motion for summary judgment, and ultimately concluded, once again, that summary judgment should be granted. *See Tholke v. Unisys Corp.*, No. 01–5495, 2004 WL 2339480 (S.D.N.Y. Oct. 18, 2004). First, Judge Baer found that Tholke had received, following the district court's earlier remand, a "full and fair" hearing by the Committee. Second, the district court found that "[t]he Committee reasonably exercised its discretion by relying on Silver['s] ... conclusions ... that Tholke was not totally disabled as defined in the LTD benefit plan." And third, the district court stated that "[t]he Committee articulated a reasonable decision regarding both Tholke's job description and ability to perform." As to this last point, the district court repeated its

view—first expressed in its May 21, 2003 opinion and order—that it was reasonable for the Committee to determine, following "consultation with Silver," that "any controversy over the job duties was moot [as] there was no objective medical information to support the claim that Ms. Tholke met the requirements of the LTD Plan for benefits."

On November 8, 2004, Tholke renewed her motion for attorney's fees. The district court denied the motion in an opinion and order dated January 26, 2005. *Tholke v. Unisys Corp.*, No. 01–5495, 2005 WL 180938 (S.D.N.Y. Jan. 26, 2005).

Tholke now appeals from the district court's October 18, 2004 and January 26, 2005 judgments.

### DISCUSSION

"To prevail on a motion for summary judgment, the moving party must show that there are no genuine issues of material fact, and that when any disputed facts are viewed in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 760 (2d Cir.2003). Importantly, "we must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Vermont Teddy Bear Co., Inc. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir.2004). We review *de novo* a district court's grant of summary judgment. *See id.*

### I. *Tholke's arguments on appeal*

In her briefing to us, Tholke contends that "[t]he Committee['s] minutes ... dated July 8, 2002 misreported [Dr. Silver's] conclusion...." "The source of [the damaging] comment," Tholke notes, "was the commitee['s] minutes, not Dr. Silver's report." This is because, in his letters, "Dr. Silver was very careful to avoid any deci-

sion regarding the dispute of the job descriptions as it was beyond his expertise as an orthopedic surgeon." Nonetheless, the district court relied directly on the meeting minutes in deciding that summary judgment was appropriate. Accordingly, Tholke argues that "[t]he Lower Court was misled by th[e] misreporting of the minutes."

## II. *Analysis*

Though there is little reason to believe that the district court was "misled," we do conclude that there exists a genuine dispute of material fact—namely, whether the Committee's July 8, 2002 meeting minutes accurately describe Dr. Silver's views. Accordingly, we hold that the district court erred in relying on those meeting minutes in granting summary judgment.

### A. *The July 3, 2002 letter is cautious*

We begin by considering Dr. Silver's July 3, 2002 letter, which, we believe, can reasonably—and thus, at the summary judgment stage, *must*—be viewed as more cautious than the description of Dr. Silver's opinion as recorded in the July 8, 2002 meeting minutes.

Specifically, in viewing Dr. Silver's July 3, 2002 letter in the light most favorable to Tholke, and resolving all ambiguities and construing all reasonable inferences in her favor, we find that Dr. Silver's July 3, 2002 letter does not take a position as to whether Tholke would be unable to perform her job *as she describes it.* Instead, the letter simply assumes that the employer's description was correct. J.A. at 1021 ("Certainly *if* Ms. Tholke was a sedentary worker, she could remain at gainful employment . . . ." (emphasis added)).

Moreover, the letter's conclusions about the lack of objective medical evidence are significantly hedged. For example, Dr. Silver's letter asserts that "[t]here are no objective findings to substantiate her *ina-*

*bility to work,"* J.A. at 1021 (emphasis added), but it does not attempt to define "work." And, while the letter says that "the medical records do[ ] not support a left knee condition that would require her to become *totally disabled* . . . or impaired from *gainful employment,"* J.A. at 1021 (emphases added), it does not define "totally disabled" or "gainful employment." There is some ambiguity as to whether these conclusions assumed that Tholke's job was purely sedentary, as Unisys claimed. At the summary judgment stage, we must construe these ambiguities in Tholke's favor.

### B. *The Committee meeting minutes record a less cautious Dr. Silver*

The cautious nature of Dr. Silver's July 3, 2002 letter is in sharp tension with the Committee meeting minutes' description of Dr. Silver's statements. According to the meeting minutes, Dr. Silver did not think Tholke was disabled under either her or Unisys's description of her job. And if this were in fact Dr. Silver's position, and assuming, without deciding, that it would have been reasonable for the Committee to rely on Dr. Silver's opinion, then the Committee properly could have found that it was unnecessary to resolve the "essential functions" dispute.

On the facts of this case, however, it was inappropriate for the district court to decide, at the summary judgment stage, that the meeting minutes did, in fact, accurately describe Dr. Silver's opinion. Dr. Silver's letter of July 3, 2002 was much more restrained. And one day after the July 8, 2002 meeting, Dr. Silver sent the Committee another copy of that careful July 3, 2002 letter—and made no revisions to reflect the position he supposedly took during the phone conversation. Because Unisys did not provide, with its motion for summary judgment, an affidavit from Dr.

Silver—which affidavit might have dispelled any ambiguities in these actions and established the accuracy of the meeting minutes as a matter of law—we must, here again, construe the ambiguities in Tholke's favor. In so doing, we find that there exists a genuine dispute of material fact as to whether the Committee's notes are accurate.

Our conclusion is bolstered by the fact that the Committee, in its first review of Tholke's claim, denied Tholke's benefits in a "perfunctory" manner. *See Tholke v. Unisys Corp.*, No. 01–5495, 2002 WL 575650 (S.D.N.Y. Apr. 16, 2002). That is, the Committee's lack of care in its first review of Tholke's claim supports the inference that the Committee might also have been careless—including in its attention to and recording of Dr. Silver's comments on July 8, 2002—the second time around.[3]

At the same time, it is worth emphasizing that the relevant question is not whether the Committee's meeting minutes are *intentionally* inaccurate. We need not call into doubt the Committee's good faith to find, as we do, that there exists a genuine dispute as to whether the Committee correctly understood, and correctly recorded, Dr. Silver's comments.

### C. Given the genuine dispute of fact, vacatur is required

In denying Tholke's benefits, the Committee relied principally on the statements Dr. Silver supposedly made over the phone on July 8, 2002. And the district court, in granting defendants' motion for summary judgment, based its judgment, in large part, on an assumption that the Committee meeting minutes accurately reflected what Dr. Silver said. Because we now hold that there exists a genuine dispute of fact as to the accuracy of the Committee's meeting minutes, we must vacate the judgment of the district court.

In so holding, we do not, of course, take any position on the ultimate merits of Tholke's claim, or even whether, without reliance on the Committee's July 8, 2002 meeting minutes, it might still be appropriate to grant summary judgment to defendants. We leave those questions for the district court to consider, in the first instance, on remand.

## CONCLUSION

In granting summary judgment to the defendants, the district court erroneously assumed that the Committee's July 8, 2002 meeting minutes were accurate. Because there exists a genuine factual dispute as to whether those minutes accurately record Dr. Silver's views, we hold that it was inappropriate to rely on the minutes in granting summary judgment to the defendants. Accordingly, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings. Given our holding, we decline, at this time, to consider Tholke's argument that the district court erred denying her attorney's fees under 29 U.S.C. § 1132(g)(1).

---

**3.** We also take notice of the evidence suggesting that, while Tholke was receiving short-term disability benefits following the car accident, Unisys sent the following note to its Short Term Disability Carrier:

> Please see the enclosed IME report. We do not believe that she is disabled. We feel that she is "milking" an auto accident which occurred 12–9–92. We've had a difficult time denying business due to her union status. If possible—please don't make it easy! Please call me for any questions or problems.... Thanks....

J.A. at 540.