Andrea THOLKE, Plaintiff–Appellant,

v.

UNISYS CORPORATION, The Unisys Long Term Disability Plan, The Unisys Employee Benefits Administrative Committee, Lockheed Martin, The Lockheed Martin Long Term Disability Insurance Plan, Defendants–Appellees,

Hartford Life and Accident Insurance Co., Defendant.

No. 08–2072–cv.

United States Court of Appeals, Second Circuit.

June 23, 2009.

Robert J. Bach, New York, NY, for Appellant.

John Houston Pope, Epstein Becker & Green, P.C., New York, NY, for Appellees.

Present: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Andrea Tholke appeals a judgment as well as two orders of the United States District Court for the Southern District of New York (Baer, *J.*), entered on March 20, March 24, and April 23, 2008, respectively, granting summary judgment in favor of Unisys Corporation, The Unisys Long Term Disability Plan, The Unisys Employee Benefits Administrative Committee (the "Committee"), Lockheed Martin, and The Lockheed Martin Long Term Disability Insurance Plan (collectively "Unisys"), and denying Tholke's request for attorney's fees. We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

Tholke argues that the district court abused its discretion in: (1) limiting the scope of discovery on remand to the accuracy of the minutes of a meeting during which the Committee heard testimony of Dr. Richard Silver regarding Tholke's ability to do the work required as a photocopy-machine operator, or (2) in the alternative, permitting Silver's testimony notwithstanding the fact that Silver's opinion was based on a review of the minutes of the Committee meeting. We review the district court's decisions to limit the scope of review on remand and to admit Silver's testimony for abuse of discretion. *See Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 575 (2d Cir.1996); *Olin Corp. v. Certain Underwriters at Lloyd's London*, 468 F.3d 120, 133 (2d Cir.2006).

Previously, the district court had granted summary judgment for Unisys—upholding the Committee's denial of Tholke's benefits—relying in part on the accuracy of the Committee's conclusion that Silver had opined that Tholke was capable of performing her job as Tholke described it. *Tholke v. Unisys Corp.*, No. 01 Civ 5495(HB), 2004 WL 2339480, at *8 (S.D.N.Y. Oct. 18, 2004). The Committee's conclusion was reflected in the minutes of the Committee meeting of July 8, 2002. On appeal, this Court concluded that there

was a genuine issue of material fact "as to whether the Committee correctly understood, and correctly recorded, Dr. Silver's comments" made in his July 3, 2002 letter submitted to the Committee and phone conversation with the Committee on July 8, 2002. *Tholke v. Unisys Corp.*, 235 Fed. Appx. 834, 840 (2d Cir.2007) (summary order). We remanded for the district court to determine whether the minutes accurately reflected Silver's opinion and then determine the merits of Tholke's case. *Id.*

■ On remand, the district court instructed the parties to conduct additional discovery to resolve "whether the Committee's July 8, 2002 minutes accurately recorded the medical opinion of … Silver." *Tholke v. Unisys Corp.*, No. 01 Civ 5495(HB), 2008 WL 731595, *1 (S.D.N.Y. Mar. 20, 2008). The parties deposed Silver and Mary Massman, who recorded the July 8, 2002 minutes. Silver testified that while he could not remember anything about his July 8, 2002 phone conversation with the Committee, after reviewing all of Tholke's available medical records, Silver came to the conclusion that Tholke was able to perform the tasks Tholke said her job required. *Id.* at *3–*4. Massman testified that the minutes were accurate and that she had an independent recollection of the meeting. *Id.* at *3.

This Court gave the district court specific instructions to reexamine the accuracy of the July 8, 2002 minutes as a reflection of Silver's opinion. By ordering discovery and reviewing the testimony of Silver and Massman, the district court took appropriate steps to ensure that the July 8, 2002 minutes were an accurate reflection of what occurred on July 8, 2002, and more importantly, that Silver believed Tholke was able to perform her job. Therefore, we find no abuse of discretion in limiting the scope of discovery to only include a review of the accuracy of the July 8, 2002

minutes and allowing Silver to give his opinion based on Tholke's medical records.

"We review de novo a district court's decision granting summary judgment in an ERISA action based on the administrative record and apply the same legal standard as the district court. We affirm only when no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law." *Pepe v. Newspaper & Mail Deliveries'–Publishers' Pension Fund*, 559 F.3d 140, 146 (2d Cir.2009) (internal quotation marks, italics, and citations omitted). The district court and this Court—in reviewing the conclusions of a plan administrator who has been "grant[ed] … discretionary authority to determine eligibility benefits"—"may not overturn the administrator's denial of benefits unless its actions are found to be arbitrary and capricious." *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132 (2d Cir.2008).

■ In making its decision to deny Tholke's benefits, the Committee took several things into consideration: first, descriptions of Tholke's job responsibilities as described by Tholke's supervisor, coworkers, and Tholke; second, the medical testimony of other doctors; third, Silver's opinions rendered via his July 3, 2002 letter and via telephone on July 8 and July 12, 2002; and fourth, the record from the initial denial by the Plan administrator Hartford Life and Accident Insurance Co. Based on the record, the Committee's decision was not arbitrary or capricious, and therefore, we affirm the district court's grant of summary judgment for Unisys with respect to the denial of Tholke's benefits claim.

Finally, we review the denial of attorney's fees in an ERISA case for abuse of discretion. *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 47 (2d Cir.2009). Tholke argues that she is entitled to attorney's fees under 29 U.S.C. § 1132(g)(1)

because the district court initially held that the Committee had acted arbitrarily and capriciously in denying her benefits and remanded her case to the Committee for further review regarding the nature of Tholke's job and the conflicting diagnoses of several doctors.

In reviewing whether the district court's decision to deny attorney's fees was correct, this Court considers:

(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants. *Slupinski*, 554 F.3d at 47 (citing *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir.1987)).

We conclude there was no abuse of discretion here, particularly in light of the fact that "Tholke has dropped her earlier contentions that the Defendants acted in bad faith," and the district court's point that "[t]he Committee's decision after remand to reject Tholke's application, which entailed a more thorough investigation of the claim, weighs against concluding that the Committee's initial reliance on Massman's report was necessarily unjustified." *Tholke v. Unisys Corp.*, 01 Civ. 5495(HB), 2008 WL 1815691, at *2 (S.D.N.Y. Apr. 23, 2008).

We have considered Tholke's remaining arguments and find them to be without merit.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.